UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY A. CORBRAY<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, L.L.C.<br><br>　　　　Defendant. | Case No.: 1:19-cv-02364<br><br>Judge:<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Kelly A. Corbray, for her complaint against Portfolio Recovery Associates, L.L.C. ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action to secure redress in the form of injunctive relief, monetary damages, attorneys' fees and costs, and any other relief to which she may be entitled, for Defendant's knowing and/or willful violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. §§ 24-5-0.5 *et seq.* ("IDCSA"), in connection with an abusive debt collection campaign it has waged upon Plaintiff. Plaintiff also brings forth herein a claim for invasion of privacy against Defendant.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is therefore conferred upon this Court by 47 U.S.C § 227 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business within the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Southern District of Indiana.

PARTIES

4. Plaintiff, Kelly A. Corbray ("Ms. Corbray"), is a natural adult person residing in Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Ms. Corbray is a "person" as that term is defined and/or used in the TCPA.

6. Ms. Corbray is a "person" as that term is defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Portfolio Recovery Associates, L.L.C., is a Delaware limited liability company engaged in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the Fair Debt Collection Practices Act.

9. Defendant is a "person" as that term is defined and/or used in the TCPA.

10. Defendant is a "supplier" as defined by I.C. § 24-5-0.5-2(a)(3) of the IDCSA.

FACTS SUPPORTING CAUSES OF ACTION

11. As Ms. Corbray was checking her credit reports, she discovered an entry bearing Defendant's name that was reporting in an active collection status concerning a consumer debt originally incurred to *Synchrony Bank* (the "Subject Debt"). *See* Ms. Corbray's Trans Union credit report, dated July 6, 2018, attached to this complaint as Exhibit A.

12. Over the past several months, Ms. Corbray has received frequent and consistent phone calls from Defendant to her personal cellular phone (xxx) xxx-9482 whereby Defendant has attempted to collect payment of the Subject Debt from her.

13. At all times relevant to the instant action, Ms. Corbray was the sole subscriber, owner, and operator of the cellular phone at issue ending in 9482. Ms. Corbray is and always has been financially responsible for the cellular phone and its services.

14. Ms. Corbray eventually became frustrated and answered one of Defendant's calls. She experienced a noticeable pause after answering, three (3) to five (5) seconds in length, before a live representative of Defendant started speaking.

15. During this call, Defendant's agent advised Ms. Corbray that Defendant was calling her seeking payment of the Subject Debt.

16. During this call, Ms. Corbray demanded that Defendant stop calling her.

17. Despite Ms. Corbray's prompt, Defendant has continued to systematically place calls to her cellular phone ending in 9482, often numerous times per day.

18. On March 7, 2019, as the calls persisted from Defendant despite Ms. Corbray's explicit demand for them to stop, Ms. Corbray again answered one of Defendant's calls and *again* instructed it to cease calling her. She again experienced a brief pause after answering before a live representative started speaking.

19. Despite Ms. Corbray's demands for the calls to cease, Defendant has inexplicably continued to place repeated calls to Ms. Corbray's cell phone without her consent. Screenshots from Ms. Corbray's cell phone evidencing some of these calls are attached collectively to this complaint as Exhibit B.

20. Each call placed by Defendant appears on Ms. Corbray's cell phone as deriving from a different phone number. *See* Exhibit B.

21. At this point, Ms. Corbray is at a complete loss as to what else she can do to get the calls to stop. Hence, the instant action is being commenced.

22. After a reasonable time to conduct discovery, Ms. Corbray believes she can prove that Defendant has engaged in a pattern and practice of such unlawful collection behavior.

## DAMAGES

23. The conduct of Defendant has been the producing and proximate cause of past, present and future mental distress and emotional anguish stemming from the ongoing invasion of Ms. Corbray's privacy and other damages that will be presented to the jury.

24. Ms. Corbray justifiably fears and believes that, absent this Court's intervention, Defendant will continue to call her incessantly, use other unlawful practices in attempting to collect the Subject Debt from her, and ultimately cause her further unwarranted harm.

25. Ms. Corbray has ever-increasing angst and concern that Defendant will never stop calling her no matter what she does.

26. As a result of Defendant's conduct, Ms. Corbray was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this lawsuit.

27. As a result of Defendant's conduct, Ms. Corbray is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful practices as described in this complaint.

GROUNDS FOR RELIEF

COUNT I
VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
*47 U.S.C. §§ 227 et seq.*

28. All prior paragraphs are incorporated into this count by reference.

29. The TCPA, specifically 47 U.S.C. § 227(b)(1)(iii), prohibits calling a person on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA defines an ATDS as "equipment which has the capacity. . . to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *See* 47 U.S.C. § 227(a)(1).

30. Defendant utilized an ATDS in connection with its calls to Plaintiff. The dead air and noticeable pause that Plaintiff experienced during answered calls before being connected to a live representative is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used, as does the fact that each call was placed under a different phone number. *See* Exhibit B.

31. Defendant violated the TCPA by placing calls to Plaintiff's cellular phone using an ATDS without Plaintiff's express consent. Any such consent Plaintiff *may* have previously given Defendant was explicitly and expressly revoked by Plaintiff when she verbally told Defendant to stop calling her.

32. Despite its actual knowledge that Plaintiff did not consent to the calls, Defendant chose to continue calling Plaintiff anyway.

33. After a reasonable time to conduct discovery, Plaintiff believes she can prove that Defendant's actions were taken with conscious disregard for the legal rights of Plaintiff.

34. After a reasonable time to conduct discovery, Plaintiff believes she can prove that Defendant's actions were taken knowingly and willfully in violation of the TCPA.

35. As a direct and proximate result of Defendant's violations of the TCPA, Plaintiff has suffered considerable harm and injury, entitling Plaintiff to injunctive relief and statutory damages in specific amounts to be proved at trial, pursuant to § 227(b)(3) of the TCPA.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. §§ 24-5-0.5-3(a) and (b)(20)*

36. All prior paragraphs are incorporated into this count by reference.

37. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).
>
> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

38. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

39. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(a) and (b)(20), by, *inter alia*, calling Plaintiff repeatedly through means of an ATDS without Plaintiff's consent and with knowledge of Plaintiff's demands for such calls to cease.

40. Defendant systematically places voluminous phone calls to consumers with past due accounts for purposes of coercing a consumer into making immediate payment. Such calls are purposefully placed from different phone numbers in an attempt to mask the identity of the caller.

41. Defendant intended that Plaintiff rely on its unlawful phone communications in order to procure immediate payment of the Subject Debt. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

42. As set forth in paragraphs 23 through 27, *supra*, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

43. Plaintiff is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

COUNT III
INVASION OF PRIVACY – INTRUSION UPON SECLUSION

44. All prior paragraphs are incorporated into this count by reference.

45. As set forth in this complaint, *supra*, Defendant has intentionally interfered with and intruded upon the solitude, seclusion and private affairs of Plaintiff without authorization or justification.

46. As set forth in this complaint, *supra*, given that Plaintiff did not consent to receiving calls from Defendant to her cell phone – and, in fact, expressly revoked any such prior consent – Plaintiff had a reasonable expectation of privacy and seclusion as to her relationship with Defendant.

47. Defendant's conduct is highly offensive to any reasonable person.

48. As a direct and proximate result of Defendant's intentional intrusion upon the solitude, seclusion and private affairs of Plaintiff, Plaintiff has been damaged in specific amounts to be proved at trial.

49. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages in such an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kelly A. Corbray, respectfully requests that this Court enter judgment in her favor as follows:

A. Enjoining Defendant from engaging in the business practices complained of herein, as provided under the TCPA (47 U.S.C. §227(b)(3)(A));

B. Awarding Plaintiff statutory damages in the amount of $1,500.00 per unlawful call, as provided under the TCPA (47 U.S.C. §§227(b)(3)(B)-(C));

C. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under the IDCSA and/or Indiana common law for invasion of privacy;

D. Awarding Plaintiff punitive damages, in such amounts as determined by the jury, as provided under the IDCSA and/or Indiana common law for invasion of privacy;

E. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under the IDCSA and/or Indiana common law for invasion of privacy; and

F. Such other and further relief as may be just and proper.

DATED this 13th day of June, 2019.                    Respectfully Submitted,

                                           */s/ Geoff B. McCarrell*
                                           Geoff B. McCarrell #0086427
                                           David S. Klain #0066305
                                           CONSUMER LAW PARTNERS, LLC
                                           333 N. Michigan Ave., Suite 1300
                                           Chicago, Illinois 60601
                                           (267) 422-1000 (phone)
                                           (267) 422-2000 (fax)
                                           geoff.m@consumerlawpartners.com

                                           *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                           */s/ Geoff B. McCarrell*
                                           Geoff B. McCarrell #0086427
                                           CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF INDIANA        )
                        ) ss
COUNTY OF MARION        )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Kelly A. Corbray, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6/13/2019 .

*DocuSigned by:*
*kelly Corbray*
45D3F8C26B6A494...

Signature